# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL EASTERDAY, individually and on behalf of all persons similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USPACK LOGISTICS LLC,**<br><br>**Defendant.** | **Civil Action No. 1:15-cv-07559-RBK-KMW**<br><br>**Oral Argument Requested** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO US PACK LOGISTIC'S, LLC'S MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL AND TO STAY THIS LITIGATION PENDING RESOLUTION OF DEFENDANT'S APPEAL**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................ 3

III.  ARGUMENT................................................................................ 7

    A.    Legal Standard For Interlocutory Appeal ............................ 7

    B.    US Pack's Request For Certification Should Be Denied ................... 9

        1.    US Pack's Request For Interlocutory Relief Regarding The Application of New York Law Is Untimely And Should Be Rejected .......................... 9

        2.    There Exists No Substantial Grounds for Difference of Opinion..................................................................10

            a.    No Substantial Grounds for a Difference of Opinion Exist With Regard to the Court's Finding that the New Jersey Arbitration Act Applies ....................................................12

            b.    No Substantial Grounds for a Difference of Opinion Exist With Regard to the Court's Application of Established New Jersey Law ................16

            c.    US Pack's Generalized Arguments Are Without Merit ..............................................20

        3.    An Interlocutory Appeal Will Not "Materially Advance The Ultimate Termination Of The Litigation" ..........................................................21

    C.    US Pack's Request For A Stay Should Be Denied ..........................22

IV.   CONCLUSION .........................................................................28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Arafa v. Health Express Corp.</u>,
    243 N.J. 147 (2020) ................................................................passim

<u>Atalese v. U.S. Legal Servs. Grp., L.P.</u>,
    219 N.J. 430, 99 A.3d 306 (2014)......................................................passim

<u>Bachowski v. Usery</u>,
    545 F.2d 363 (3d Cir. 1976)........................................................... 8

<u>Bucher v. Am. Health & Life Ins. Co.</u>,
    2014 WL 5464857 (W.D. Pa. Oct. 28, 2014) ........................................23, 25

<u>Children First Found., Inc., v. Legreide, et al.</u>,
    2005 WL 3088334 (D.N.J. Nov. 17, 2005) ................................................. 8

<u>Commonwealth of Pennsylvania v. Think Fin., Inc.</u>,
    2016 WL 7227538 (E.D. Pa. Mar. 31, 2016)............................................... 8

<u>Craig v. Rite Aid Corp.</u>,
    2010 WL 1994888 (M.D. Pa. Feb. 4, 2010) ............................................... 7

<u>Eisai Inc. v. Zurich Am. Ins. Co.</u>,
    2015 WL 113372 (D.N.J. Jan. 8, 2015)......................................................10

<u>Ferraro v. Sec'y of U.S. Dep't of Health & Hum. Servs.</u>,
    780 F. Supp. 978 (E.D.N.Y. 1992)........................................................ 9

<u>Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.</u>,
    168 N.J. 124, 773 A.2d 665 (2001) ..............................................17

<u>Green v. City of New York</u>,
    2006 WL 3335051 (E.D.N.Y. Oct. 23, 2006)............................................... 9

<u>Grosvenor v. Qwest Corp.</u>,
    733 F.3d 990 (10th Cir. 2013)..............................................................28

<u>Hall St. Assocs., L.L.C. v. Mattel, Inc.</u>,
    552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008) ...........................13

Harris v. Holmes,
    2017 WL 477692 (D.N.J. Feb. 6, 2017) ......................................................25

Hensley v. First Student Mgmt., LLC,
    2016 WL 7130908 (D.N.J. Dec. 7, 2016).................................................... 8

In re JP Morgan Chase & Co.,
    916 F.3d 494 (5th Cir. 2019).......................................................................22

In re Strader,
    2022 WL 1164813 (3d Cir. Mar. 14, 2022)................................................27

Instructional Sys., Inc. v. Computer Curriculum Corp.,
    130 N.J. 324, 614 A.2d 124 (1992) .............................................................15

K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.,
    2020 WL 3542305 (D.N.J. June 30, 2020)..................................................12

Kapossy v. McGraw-Hill, Inc.,
    942 F. Supp. 996 (D.N.J. 1996) ................................................. 1, 10, 11, 12

KCOM, Inc. v. Emp'rs Mut. Cas. Co.,
    829 F.3d 1192 (10th Cir. 2016)...................................................................26

Kirleis v. Dickie, McCamey & Chicolte, PC,
    2007 WL 3023950 (W.D. Pa. Oct. 12, 2007) ..................................23, 24, 26

Kum Tat Limited v. Linden Ox Pasture, LLC,
    845 F.3d 979 (9th Cir. 2017).......................................................................26

Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy
    Corp.,
    26 F.3d 375 (3d Cir. 1994)...........................................................................12

Liberty Salad, Inc. v. Groundhog Enterprises, Inc.,
    2019 WL 1303829 (E.D. Pa. Mar. 20, 2019)............................................8, 9

Litgo N.J., Inc. v. Martin,
    2011 WL 1134676 (D.N.J. Mar. 25, 2011)................................................. 7

Maliandi v. Montclair State Univ.,
    2017 WL 935160 (D.N.J. Mar. 9, 2017) ......................................................12

Meyers v. Heffernan,
    2014 WL 7336792 (D.N.J. Dec. 22, 2014)............................................7, 11

Morris v. Flaig,
    511 F. Supp. 2d 282 (E.D.N.Y. 2007)........................................................10

Muhammad v. County Bank of Rehoboth Beach, DE,
    189 N.J. 1 (2006) .......................................................................................20

N.V.E., Inc. v. Palmeroni,
    2012 WL 2020242 (D.N.J. June 5, 2012)................................................... 7

New Prime, Inc. v. Oliveira,
    138 S. Ct. 1164 (2018)............................................................................3, 4

New Prime, Inc. v. Oliveira,
    139 S. Ct. 532 (2019)................................................................................23

P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,
    161 F. Supp. 2d 355 (D.N.J. 2001).............................................................10

Palcko v. Airborne Express, Inc.,
    372 F.3d 588 (3d Cir. 2004).......................................................................26

Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,
    2015 WL 5164821 (D.N.J. Sept. 2, 2015).................................................. 8

Portillo v. Nat'l Freight, Inc.,
    323 F. Supp. 3d 646 (D.N.J. 2018)............................................................15

Roadway Package Sys., Inc. v. Kayser,
    257 F.3d 287 (3d. Cir. 2001)......................................................................13

Sherwood v. Marquette Transp. Co.,
    587 F.3d 841 (7th Cir. 2009)......................................................................26

Shevlin v. Phoenix Life Ins. Co.,
    WL 348552 (D.N.J. Jan. 23, 2015).............................................................18

_Sullivan v. Sovereign Bancorp., Inc.,_
    33 Fed. Appx. 640 (3d Cir. 2002) ..............................................................14

_United States ex rel. Laporte v. Premiere Educ. Grp., L.P.,_
    2017 WL 4167434 (D.N.J. Sept. 20, 2017) .................................................. 7

_Waithaka v. Amazon.com, Inc.,_
    966 F.3d 10 (1st Cir. 2020) ......................................................................15

**Statutes**

28 U.S.C. § 1292(b) ............................................................................passim

Fed. R. App. P. 4(a)(1)(A) ........................................................................27

Fed. R. Civ. P. 23.....................................................................................22

Federal Arbitration Act ("FAA"),
    9 U.S.C. §§ 1, _et seq._ ............................................................................passim

New Jersey Wage and Hour law,
    N.J. Stat. § 34:11-56a, _et seq._ ("NJWHL").............................................3, 19

New Jersey Wage Payment Law,
    N.J. Stat § 34:11-4.1, _et seq._ ("NJWPL")...............................................3, 19

**Other Authorities**

Restatement (Second) of Conflict of Laws § 187 ...................................14

Restatement (Second) of Conflict of Laws § 188 ...................................16

## I.   INTRODUCTION

US Pack seeks to further delay this matter – which has been pending for nearly *seven years* – by lodging a meritless appeal to the Third Circuit and asking this court to certify for interlocutory appeal straightforward issues that do not justify departure from the established principle that interlocutory relief is an exceptional remedy that should be granted "sparingly." Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996) (internal quotation marks and citation omitted). US Pack's requests for such certification and for a stay should be rejected outright, as US Pack's briefing does not establish an entitlement to the relief sought; instead, US Pack makes numerous vague arguments about arbitration *generally*, with no reference to the issues actually before the Court in this case. As explained throughout, US Pack's requested relief should be rejected for numerous reasons.

*First,* US Pack seeks to certify the following question: "assuming the FAA does not apply to the arbitration agreement in question, whether New Jersey and/or New York law requires individual arbitration of Plaintiff's claims." See US Pack's Brief at 4-5. Yet US Pack's request for interlocutory relief with regard to the Court's decision to apply New Jersey law (and not New York law) in the absence of the FAA is untimely, as the Court decided in *December 2020 – sixteen months* before filing the instant Motion – that New Jersey law so applies.

*Second,* US Pack fails to demonstrate that the issues presented in its certification request present "substantial grounds for a difference of opinion," as required by 28 U.S.C. § 1292(b). US Pack's request for certification conflates two

separate issues, neither of which are squarely addressed in US Pack's briefing and – fatally – neither of which present a "substantial ground for difference of opinion" justifying interlocutory appeal: (1) US Pack's proposed issue questions the Court's December 4, 2020, conclusion that the contract's general New York choice of law clause is not automatically determinative and New Jersey law applies to the Arbitration Provision at issue in the absence of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*; and (2) US Pack's proposed issue questions the Court's holding that the Arbitration Provision is unenforceable under established New Jersey law requiring that arbitration provisions clearly and unambiguously inform parties that they are waving their rights to a jury trial or judicial proceeding, which the provision here does not. See, e.g., Arafa v. Health Express Corp., 243 N.J. 147, 166-69 (2020); Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442-43, 99 A.3d 306, 313 (2014). Both issues do not give rise to substantial grounds for a difference of opinion, and US Pack does not – and cannot – demonstrate otherwise.

*Third*, an interlocutory appeal will not "materially advance the ultimate termination of this litigation," as required by 28 U.S.C. § 1292(b). As explained below, this case has been pending for nearly *seven years*. The requested interlocutory appeal and stay would only function to continue to delay resolution of this matter and because plaintiffs have raised several other strong legal claims which would preclude enforcement of the arbitration clause, a ruling in defendants' favor would only send this matter back to the district court to take up these other matters (see infra at fn. 10).

*Finally*, US Pack's request for a stay – its *eighth* request for a stay in this matter – should be rejected outright as US Pack's attempted appeal pursuant to Section 16 of the FAA is frivolous. Indeed, given that US Pack has waived any argument that the FAA applies, the FAA cannot confer jurisdiction to the Circuit Court. And even setting aside US Pack's waiver, US Pack's appeal is frivolous as it is untimely given that its attempted appeal comes *over one year* following any order related to the FAA.

As stated herein, the Court should reject US Pack's efforts to further delay this matter, which has been pending for nearly *seven years*. For the reasons that follow, the Court should deny US Pack's Motion in its entirety.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this class action against US Pack on October 18, 2015, alleging that he and the proposed class were misclassified as independent contractors and that US Pack had committed violations of New Jersey Law.[1]

US Pack moved to compel arbitration on November 25, 2015. (ECF No. 8.) After extensive briefing, Magistrate Judge Donio initially denied US Pack's Motion to Compel without prejudice, directing the parties to conduct discovery on the issue of whether Plaintiff was US Pack's employee for the purposes of the transportation worker exemption of the FAA, 9 U.S.C. § 1. (ECF No. 42.) However, the Supreme Court issued its decision in <u>New Prime, Inc. v. Oliveira</u>, 138 S. Ct. 1164 (2018), holding that the transportation worker exemption applied

---

[1]      The New Jersey Wage Payment Law, N.J. Stat § 34:11-4.1, *et seq.* ("NJWPL"), the New Jersey Wage and Hour law, N.J. Stat. § 34:11-56a, *et seq.* ("NJWHL"), and New Jersey common law. (Compl., ECF No. 1.)

to both employees and independent contractors.

Following the decision in <u>New Prime</u>, the parties agreed on the record in open court that the FAA was inapplicable to the arbitration agreement in this case because Plaintiff fell within the FAA's transportation worker exemption. *See* 9 U.S.C. § 1; Hearing Tr. at 5-6, ECF No. 169. The parties also agreed that the only questions remaining for US Pack's motion to compel arbitration were whether arbitration could be compelled under state law absent the FAA, and which state's law (if any) applied to govern arbitrability. (<u>Id.</u>) Judge Donio explained that the only question left to be addressed was whether state law could be applied to the arbitration agreement, and if so, whether New Jersey law or New York law would govern. (<u>Id</u>.) Subsequently, US Pack submitted two supplemental briefs in support of its motion to compel, and it did not argue in either brief that the FAA applied or that Plaintiff was not subject to the transportation worker exemption. (ECF Nos. 165, 190.)

Judge Donio issued a decision denying US Pack's motion to compel arbitration on April 27, 2020. (Opinion, ECF No. 194.) Judge Donio held that because the FAA did not apply, the lack of reference to any state law in the Arbitration Provision in the event of the inapplicability of the FAA caused Defendant's attempt to compel arbitration to fail. (Order at 16-17, ECF No. 194.) Judge Donio also determined that even if state law applied, it would be New Jersey law, and US Pack failed to demonstrate under New Jersey law "that there was mutual assent to arbitrate under state law in the face of the inapplicability of the FAA." (<u>Id</u>. at 23.) In so holding, Judge Donio rejected US Pack's efforts to apply

the general New York choice of law clause contained in the broader agreement between Plaintiff and third-party payroll administrator SCI to the Arbitration Provision in that agreement, finding that this generic choice of law provision was not determinative and concluding that if state law were to apply in the absence of the FAA, it would be New Jersey law. (Id. at 18-23.)

US Pack appealed Judge Donio's decision to this Court on May 23, 2020 (ECF No. 207-1). Despite having previously agreed on the record that the FAA did not apply to Plaintiff, US Pack argued in its appeal to this Court that the FAA Section 1 exemption was inapplicable to Plaintiff and thus that the FAA did apply. (ECF No. 207-1 at 11-19.)

Meanwhile, the New Jersey Supreme Court issued its decision in Arafa v. Health Express Corp., 243 N.J. 147, 166-69 (2020) on July 14, 2020, which explained that even where an arbitration is exempt from the FAA under the FAA Section 1 exemption, the New Jersey Arbitration Act may apply even if not specifically referenced by the arbitration agreement. See id. at 166-69. Additionally, the Arafa Court further reaffirmed established New Jersey law requiring that arbitration provisions clearly and unambiguously inform parties that they are waving their rights to a jury trial or judicial proceeding. Indeed, Arafa reinforced the central holding of Atalese, 219 N.J. at 436, that "the absence of any language in the arbitration provision that plaintiff was waiving her statutory right to seek relief in a court of law renders the provision unenforceable." Arafa, 243 N.J. at 170.

On December 4, 2020, this Court issued its Opinion holding that US Pack

had waived its argument that the FAA applied (and also finding that Judge Donio did not err in concluding that the Arbitration Provision was exempt from enforcement under the FAA). (ECF No. 227, herein after "December 2020 Opinion.") This Court agreed with Judge Donio that, absent the FAA, New Jersey law – not New York law – applied. (Id.) This Court vacated Judge Donio's opinion, and directed Magistrate Judge Donio to evaluate Plaintiff's arguments under New Jersey law that he had raised in the previous briefing (id. at 19-21).

US Pack filed a Renewed Motion to Compel Arbitration under the New Jersey Arbitration Act on December 30, 2020. (ECF No. 231.) Plaintiff submitted his opposition brief on February 5, 2021 (ECF No. 243.) On June 30, 2021, Judge Donio denied US Pack's Renewed Motion to Compel Arbitration under the New Jersey Arbitration Act. (ECF No. 248.) Judge Donio examined the impact of Arafa and determined that the Arbitration Provision here could not be enforced because it did not clearly and unambiguously explain that Plaintiff was waiving his right to seek relief in court for a breach of his statutory claims as required by New Jersey law, id. at 21, and does not encompass statutory claims arising out of Plaintiff's employment, id. at 25.

On July 28, 2021, US Pack appealed Judge Donio's ruling to this Court. (ECF No. 252.) and on March 23, 2022, this Court affirmed Judge Donio's opinion finding the Arbitration Provision unenforceable under New Jersey law. (ECF No. 255.)

On April 21, 2022, US Pack a Notice of Appeal to the Third Circuit and also filed the instant Motion in this Court, asking this Court to certify for interlocutory

appeal the following issue: "assuming the FAA does not apply to the arbitration agreement in question, whether New Jersey and/or New York law requires individual arbitration of Plaintiff's claims." (ECF No. 259-1, US Pack's Brief at 4-5.) US Pack also asks this Court to stay this litigation pending resolution of US Pack's appeal to the Third Circuit.

For the reasons stated herein, US Pack's requests should be rejected.

## III.   ARGUMENT

### A.   Legal Standard For Interlocutory Appeal

"As a general rule, a matter may not be appealed to the Third Circuit unless it is a final judgment." Craig v. Rite Aid Corp., 2010 WL 1994888, at *1 (M.D. Pa. Feb. 4, 2010). Indeed, interlocutory appeal is used "sparingly" and "[m]erely questioning a court's ruling is insufficient." United States ex rel. Laporte v. Premiere Educ. Grp., L.P., No. CV 11-3523 (RBK/AMD), 2017 WL 4167434, at *2 (D.N.J. Sept. 20, 2017) (Kugler, J.).

To prevail on its motion, US Pack must definitively demonstrate that all three of the statute's prerequisites are met. Meyers v. Heffernan, 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014) (citing N.V.E., Inc. v. Palmeroni, 2012 WL 2020242, at *4 (D.N.J. June 5, 2012); Litgo N.J., Inc. v. Martin, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011)). US Pack must show that the order appealed (1) involve "a controlling question of law"; (2) "as to which there is a substantial ground for a difference of opinion" and (3) "that an immediate appeal

of that question will materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b).

In light of the policy disfavoring interlocutory appeals, "[e]ven if the moving party satisfies all three requirements, the Court may deny certification because the decision to grant a section 1292(b) certification for interlocutory appeal is 'wholly within the discretion of the [district court].'" Children First Found., Inc., v. Legreide, et al., 2005 WL 3088334, at *6 (D.N.J. Nov. 17, 2005) (quoting Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)); see also Hensley v. First Student Mgmt., LLC, 2016 WL 7130908, at *2 (D.N.J. Dec. 7, 2016) ("satisfaction of these criteria alone does not guarantee certification as the district court may exercise its discretion and deny certification"); Physicians Healthsource, Inc. v. Janssen Pharm., Inc., 2015 WL 5164821, at *3 (D.N.J. Sept. 2, 2015) ("the decision to certify an interlocutory appeal is 'wholly within the discretion of the courts,' even if all three statutory elements are met") (quoting Bachowski, 545 F.2d at 368). Indeed, even if all three prongs are met, the moving party must further demonstrate "exceptional circumstances" to justify certification. Commonwealth of Pennsylvania v. Think Fin., Inc., No. 14-CV-7139, 2016 WL 7227538, at *1 (E.D. Pa. Mar. 31, 2016).

Finally, while 28 U.S.C. § 1292(b) does not impose a time limit for seeking certification, courts have explained that parties must seek such relief within a reasonable amount of time after the order sought to be appealed. See, e.g., Liberty Salad, Inc. v. Groundhog Enterprises, Inc., No. CV 17-226, 2019 WL 1303829, at *3 (E.D. Pa. Mar. 20, 2019).

8

### B.    US Pack's Request For Certification Should Be Denied

#### 1.    US Pack's Request For Interlocutory Relief Regarding The Application of New York Law Is Untimely And Should Be Rejected

US Pack requests that this Court certify for interlocutory appeal the "issue of law decided in the Court's March 23, 2022 Order" – namely, says US Pack, "assuming the FAA does not apply to the arbitration agreement in question, whether New Jersey and/or New York law requires individual arbitration of Plaintiff's claims." <u>See</u> US Pack Brief at 4-5.

Yet the Court's March 23, 2022, Order did not make such a ruling, as this Court decided on December 4, 2020 – *over sixteen months* before US Pack filed the underlying Motion – that Judge Donio correctly found that New Jersey law (not New York law) applies in the absence of the FAA. <u>See</u> ECF No. 227. Now, *well over one year* later, US Pack attempts to certify for interlocutory appeal its prior arguments regarding New York law and the Court's rejection of same. The Court should find that this request is untimely. <u>See, e.g.</u>, <u>Liberty Salad, Inc.</u>, 2019 WL 1303829, at *3 (explaining that when seeking interlocutory appeal, "Courts have held that a delay of two months or more is unreasonable"); <u>accord</u> <u>Green v. City of New York</u>, No. 05 CV 0429 DLI ETB, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (finding "there was no justification for defendants' more than two-month delay in requesting certification"); <u>Ferraro v. Sec'y of U.S. Dep't of Health & Hum. Servs.</u>, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (explaining that party's "two and a half month delay is an indication that the saving of time is of little concern in this case").

And here, following the Court's December 2020 ruling, US Pack proceeded to move to compel arbitration under the New Jersey Arbitration Act, which the Parties litigated, and it was only when the Court denied that motion that US Pack sought the instant interlocutory relief from an order issued *nearly two years prior*. US Pack's belated efforts should be rejected. Cf., e.g., Morris v. Flaig, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007) (explaining that "where plaintiffs seek relief from a summary judgment order issued nearly two years ago, and where the plaintiffs proceeded to trial without moving to certify this question for interlocutory appeal beforehand, amendment and certification of the [] summary judgment order would be improper").

The Court should reject US Pack's efforts to certify for interlocutory appeal the issue of New York law's applicability on timeliness grounds alone.

### 2.      There Exists No Substantial Grounds for Difference of Opinion

US Pack fails to demonstrate that the issues it seeks to certify for interlocutory appeal present substantial grounds for difference of opinion. "A substantial ground for difference of opinion must arise out of genuine doubt as to the correct legal standard" applied by the Court. Eisai Inc. v. Zurich Am. Ins. Co., No. CIV.A. 12-7208 ES, 2015 WL 113372, at *6 (D.N.J. Jan. 8, 2015) (quoting Kapossy v. McGraw–Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996) (quotation marks omitted); P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 355, 360 (D.N.J. 2001)). Critically, a "mere disagreement with the district court's ruling" or belief that it was wrongly decided, does not qualify as a

10

substantial ground for a difference of opinion. <u>Kapossy</u>, 942 F. Supp. at 1001. <u>See also</u> <u>Meyers</u>, 2014 WL 7336792, at *4 ("The moving party's mere disagreement with the district court's ruling, however, is not a substantial ground for difference of opinion for Section 1292(b) purposes.").

There are no substantial grounds for a difference of opinion here. While US Pack's briefing makes sweeping arguments about "controversial" arbitration law generally in order to manufacture a "novel" question for interlocutory appeal, <u>see</u> US Pack's Brief at 9-10, the issues that US Pack seeks to certify for review are straightforward and not subject to dispute.

Indeed, US Pack asks the Court to certify for interlocutory appeal the question of: "assuming the FAA does not apply to the arbitration agreement in question, whether New Jersey and/or New York law requires individual arbitration of Plaintiff's claims." <u>See</u> US Pack's Brief at 4-5. US Pack's request for certification seemingly conflates two separate issues, neither of which were squarely addressed in US Pack's briefing and – critically – neither of which present a "substantial ground for difference of opinion" justifying interlocutory appeal:

*First,* US Pack's proposed issue questions the Court's December 4, 2020, conclusion that the New York choice of law provision is not automatically determinative and New Jersey law applies to the Arbitration Provision at issue in the absence of the FAA.

*Second*, US Pack's proposed issue questions the Court's holding that the arbitration agreement was unenforceable under New Jersey law.

US Pack's briefing fails to articulate how either of these inquiries raise a "substantial ground for difference of opinion" as required to justify interlocutory appeal. See Kapossy, 942 F. Supp. at 1001. Instead, US Pack makes vague arguments regarding arbitration and courts' enforcement of arbitration agreements *generally* – but such sweeping statements ignore the *actual* issues in this case.[2] At bottom, US Pack fails to establish that the Court's conclusions – namely, that (1) New Jersey law (and not New York law) applies to the Arbitration Provision in the absence of the FAA, and (2) that the Arbitration Provision at issue is unenforceable under New Jersey law – give rise to substantial grounds for a difference of opinion.

### a. No Substantial Grounds for a Difference of Opinion Exist With Regard to the Court's Finding that the New Jersey Arbitration Act Applies

US Pack does not (and cannot) articulate how the Court's finding that the general New York choice of law provision is not automatically determinative and that New Jersey law governs the Arbitration Provision in the absence of the FAA creates a "substantial ground for a difference of opinion."  28 U.S.C. § 1292(b).

---

[2]      And to the extent that US Pack attempts to raise new arguments for the first time on reply, any such effort should be rejected. "It is well-established that a party cannot raise an argument for the first time in a reply brief." See, e.g., K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ., No. CV 14-145 (RBK/JS), 2020 WL 3542305, at *2 (D.N.J. June 30, 2020) (Kugler, J.) (quoting Maliandi v. Montclair State Univ., Civ. No. 14-1398, 2017 WL 935160, at *5 (D.N.J. Mar. 9, 2017); see also, e.g., Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes "a passing reference to an issue ... will not suffice to bring that issue before this court.") (quotation marks and citation omitted).

In its December 2020 Opinion, ECF No. 227, the Court agreed with Judge

Donio's rejection of US Pack's efforts to automatically graft the general New York

choice of law clause contained in the broader contract onto the Arbitration

Provision. The Court explained that Third Circuit precedent "establishes that

general choice-of-law provisions 'shed little, if any, light on the parties' actual

intent' when it comes to the law that will govern the enforcement and review of

arbitration agreements." December 2020 Opinion, at 17 (citing Roadway Package

Sys., Inc. v. Kayser, 257 F.3d 287, 288-93 (3d. Cir. 2001), abrogated on other

grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S. Ct. 1396,

170 L. Ed. 2d 254 (2008)).[3]  The Court agreed with Judge Donio's finding that

because the Arbitration Provision *specifically* elected that it would be governed by

the FAA, this express selection of the FAA does not evidence an intent that the

more generic language in the choice of law provision applied to the Arbitration

Provision. December 2020 Opinion, at 17.

---

[3]     In Roadway, the Third Circuit considered whether the FAA or Pennsylvania
arbitration law would govern the judicial review mechanism of an arbitration
award. Roadway, 257 F.3d at 293. The arbitration clause was silent as to whether
the FAA would apply, and the contract contained a general Pennsylvania choice of
law clause; the plaintiff argued that the inclusion of the general Pennsylvania
choice of law clause in the contract indicated that the parties intended to "opt-out"
of the FAA, and Pennsylvania arbitration law would govern. See id. Finding that
the inclusion of the general choice of law provision did *not* demonstrate the
parties' intent to have Pennsylvania arbitration law govern, the Third Circuit
announced the general rule that "a generic choice-of-law clause, standing alone,
raises no inference that contracting parties intended to opt out of the FAA's default
regime." Id. at 297.

While US Pack makes the sweeping statement that "differences of opinion exist" regarding the Court's decision not to automatically graft the New York choice of law clause onto the Arbitration Provision, see US Pack Brief at 14, US Pack fails to point to even *one* difference of opinion yet alone a "*substantial ground for difference of opinion*" as required by 28 U.S.C. § 1292(b) (emphasis added). Contrary to US Pack's representations, *none* of the cases cited by US Pack in its Footnote 3 even involve disputes around choice of law provisions.[4] US Pack likewise does not point to any issue regarding the Court's finding that the New Jersey Arbitration Act applies to the Arbitration Provision. See generally US Pack's Brief.[5] US Pack's conclusory statements do not demonstrate the existence

---

[4]     Contrary to US Pack's representations, *none* of the cases cited by US Pack in its Footnote 3 involved disputes regarding contractual choice of law provisions, and all involved the *general* issue of applying state law in the absence of the FAA.

And US Pack's citation to Sullivan v. Sovereign Bancorp., Inc., 33 Fed. Appx. 640 (3d Cir. 2002), in Footnote 4 is likewise unavailing for the reasons that the Court explained in its December 2020 Opinion – namely, that Sullivan is factually and legally dissimilar to the instant matter. In Sullivan, the Third Circuit found that tort claims were covered by a choice of law provision that stated it would apply to *all* claims arising out of the agreement; by contrast, here, this matter is not analogous and, in any event, the Arbitration Provision here *specifically* elected a different governing authority than the general choice of law provision. See December 2020 Opinion, at 17-18, ECF No. 227.

[5]     And nor could it. Even were US Pack to impermissibly raise new arguments in its reply briefing, US Pack cannot demonstrate substantial grounds for a difference of opinion with regard to the holding that New Jersey law applies. Indeed, even were US Pack to raise arguments under the Restatement (Second) of Conflict of Laws § 187, which assumes the availability of the choice of law provision that US Pack seeks to apply, there can be no substantial grounds for difference of opinion that New Jersey law properly applies. Indeed, under § 187,

New Jersey law will apply in the face of a contrary choice of law provision when either:

> a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or;
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which would be the state of the applicable law in the absence of an effective choice of law by the parties."

See Portillo v. Nat'l Freight, Inc., 323 F. Supp. 3d 646, 651 (D.N.J. 2018) (citing Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 346, 614 A.2d 124, 135 (1992)). As explained in Plaintiff's prior briefing, see, e.g., ECF No. 216, New Jersey unquestionably has a materially greater interest in this case than New York, and enforcement of the arbitration clause here would be contrary to New Jersey's fundamental public policy. Plaintiff (and the class he seeks to represent) worked in New Jersey and reported to a New Jersey warehouse for assignments, and thus New Jersey has literally all of the relevant contacts with this case, other than that US Pack claims to have its corporate offices in New York. And New Jersey has the most significant relationship to the New Jersey statutory wage and hour claims asserted in this case, which Plaintiff, a New Jersey employee and resident, brings on behalf of a group of current and former employees who performed work out of terminals in New Jersey, performing deliveries to businesses in New Jersey. See generally ECF No. 1.

Critically, for the reasons described throughout, there can be no dispute that application of New York law would run counter to fundamental New Jersey policy, as, among other reasons set forth in Plaintiff's prior briefing, see, e.g., ECF No. 216, New Jersey law requires that arbitration provisions clearly and unambiguously inform parties that they are waving their rights to a jury trial or judicial proceeding. See, e.g., Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442–43, 99 A.3d 306, 313 (2014). As this Court's March 23, 2022, Opinion, ECF No. 255, makes clear, this fundamental New Jersey policy renders the Arbitration Provision at issue unenforceable. As explained in Plaintiff's prior briefing, see, e.g., ECF No. 216, New York law, on the other hand, is far more likely to enforce arbitration provisions that are procedurally and substantively unconscionable under New Jersey law. Because application of New York law would run wholly counter to fundamental New Jersey policy, New Jersey law properly applies pursuant to § 187(b). Accord, e.g., Waithaka v. Amazon.com, Inc., 966 F.3d 10, 34 (1st Cir. 2020), cert. denied, 141 S. Ct. 2794, 210 L. Ed. 2d

of "substantial grounds for a difference of opinion" as required to support US Pack's requested relief under 28 U.S.C. § 1292(b). For these reasons, US Pack has failed to demonstrate that substantial grounds for a difference of opinion exist with regard to the Court's conclusion that the New York choice of law provision does not automatically apply, and New Jersey law applies to the Arbitration Provision in the absence of the FAA.

### b. No Substantial Grounds for a Difference of Opinion Exist With Regard to the Court's Application of Established New Jersey Law

US Pack likewise does not establish that substantial grounds for a difference of opinion exist with regard to the Court's finding that the Arbitration Provision is unenforceable under New Jersey law. Fatally, US Pack does not even raise this argument in its briefing.[6]

---

928 (2021), reh'g denied, 141 S. Ct. 2886, 210 L. Ed. 2d 1001 (2021) (declining to apply general Washington choice of law provision in absence of FAA and holding agreement unenforceable, finding that Massachusetts has a materially greater interest where all work was performed in Massachusetts and enforcing arbitration would run afoul of fundamental Massachusetts policy). As such, any efforts by US Pack to impermissibly attempt to create a dispute on this issue in its reply briefing should be rejected outright.

Further, for these same reasons, and as explained in Judge Donio's April 27, 2020, Opinion, ECF No. 194, were US Pack to raise arguments under Restatement (Second) of Conflict of Laws § 188 (giving no effect to the choice of law provision) for the first time on reply, US Pack is unable to raise substantial grounds for difference of opinion with regard to the conclusion that New Jersey law applies.

[6]    As stated throughout, US Pack cannot raise arguments for the first time in its reply brief. See supra, fn. 2.

Here, established New Jersey law requires that arbitration provisions clearly and unambiguously inform parties that they are waving their rights to a jury trial or judicial proceeding. See Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442-43, 99 A.3d 306, 313 (2014) (explaining that "because arbitration involves a waiver of the right to pursue a case in a judicial forum, courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent.") (internal citation and quotation marks omitted). Notably, the New Jersey Supreme Court recently reinforced this principle in Arafa, quoting Atalese and stating: "The absence of any language in the arbitration provision that plaintiff was waiving her statutory right to seek relief in a court of law renders the provision unenforceable." Arafa, 243 N.J. at 170 (quoting Atalese, 219 N.J. at 436).[7]

And in its March 23, 2022, Opinion, ECF No. 255, the Court affirmed Judge Donio's application of this established law to find the Arbitration Provision at issue to be unenforceable because it does not inform plaintiff that he is giving up his rights to bring suit in a judicial forum. See March 23, 2022, Opinion at 14-17. The Court compared the Arbitration Provision at issue here to the provisions found to be enforceable in Arafa and explained that unlike the Arbitration Provision at

---

[7]     Explaining this longstanding principle, the Arafa Court also quoted Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 773 A.2d 665 (2001), stating: "[i]n Garfinkel, this Court stated an arbitration provision need not 'refer specifically to the [statute] or list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights,' but it 'should at least provide that the employee agree[d] to arbitrate all statutory claims arising out of the employment relationship or its termination.'" Arafa, 243 N.J. at 170 (quoting Garfinkel, 168 N.J. at 135-36).

issue here, the <u>Arafa</u> provisions contained plain language explaining that disputes would be resolved in arbitration and "NOT BY WAY OF A COURT OR JURY TRIAL" and that "[t]he parties voluntarily agree to *waive any right to a trial by jury . . ..*" <u>Id.</u> (quoting <u>Arafa</u>, 243 N.J. at 154-159). The Court explained that while there is no "magical language" required to accomplish a waiver of rights, and "while an arbitration provision need not use the words "waive" or "waiver," it still must contain some "general and sufficiently broad" language informing the plaintiff of the rights he is giving up." <u>Id.</u> (internal quotation marks and citation omitted). Because the Arbitration Provision does not inform the parties "that they have waived their right to bring suit in a judicial forum," it is unenforceable. <u>Id.</u> (citing <u>Atalese</u>, 219 N.J. at 436).

Importantly, US Pack does not even attempt to argue that there are substantial grounds for a difference of opinion on this point. And nor could it. That the Court applied established New Jersey law and rendered a decision that US Pack did not like is not sufficient grounds for the relief sought. <u>See, e.g.</u>, <u>Shevlin v. Phoenix Life Ins. Co.</u>, No. CIV.A. 09-6323 MLC, 2015 WL 348552, at *5 (D.N.J. Jan. 23, 2015) (explaining that certification "should not be granted merely because a party disagrees with the rulings of the district judge, but instead there must be genuine doubt about the correct legal standard") (quotation marks and citations omitted).

For these reasons, US Pack has failed to demonstrate that substantial grounds for a difference of opinion exist with regard to the Court's application of New Jersey law to find the arbitration agreement unenforceable.[8]

---

[8]    Additionally, since the outset of this matter, Plaintiff has raised numerous other defenses to arbitration that further demonstrate that the Arbitration Provision is unenforceable under New Jersey law such that there can be no dispute as to this conclusion. See generally, e.g., ECF No. 253. To briefly summarize, Plaintiff has raised the following arguments in addition to those discussed herein, never to have them all addressed:

1.    The parties to the agreement are a third-party payroll company called SCI and Plaintiff, and US Pack is nowhere mentioned. Moreover, the agreement specifically states that Plaintiff was prohibited from "joining or consolidating claims in arbitration by or against other individuals or entities." Thus, Plaintiff never agreed to arbitrate claims against US Pack, and was barred from doing so.

2.    The agreement limits itself to claims relating to the agreement "or breach thereof" by SCI, and thus there was simply no way for Plaintiff to know that he was waiving statutory employment wage claims against a third-party.

3.    Arafa also requires that the agreement must "clearly and unambiguously" state that the plaintiff has waived his right to pursue a claim in court before a jury. Id. at 171, and this agreement contains no such language.

4.    US pack was not a third-party beneficiary of the agreement, because under New Jersey law a non-signatory can only be considered a third-party beneficiary to a contract where the nonsignatory holds a close and clearly discernible relationship to the signatory, and the contract is explicitly intended to benefit the nonsignatory.

5.    The agreement is permeated with unconscionable provisions under New Jersey law because among other things:

a.    It precludes Plaintiff from recovering costs or attorney's fees should he prevail on the merits even though the New Jersey Wage and Hour Law (N.J. Stat. § 34:11-56a25) and the New Jersey Wage Payment Law (N.J. Stat § 34:11-4.2 and § 34:11-4.4) state otherwise.

b.    It forces each party to be responsible for their own cost of arbitration which means at the very least that the claimant would have to pay for at least 1 ½ arbitrators whose costs would be thousands of dollars a day and plaintiff is on the verge of poverty.

### c.    US Pack's Generalized Arguments Are Without Merit

US Pack makes several sweeping arguments in its attempt to manufacture substantial grounds for difference of opinion. All such arguments should be rejected, as they fail to establish US Pack's entitlement to the relief sought.

*First*, US Pack suggests that differences of opinion exist simply because this case concerns arbitration as a general matter. See US Pack Brief 10-11. This is plainly not the standard. That issues related to arbitration are frequently litigated does not automatically mean that the issues presented by US Pack's request are appropriate for interlocutory review.

*Second,* US Pack contends that because courts have compelled arbitration generally, including in New Jersey and following Arafa, so too should have the Court here. See US Pack's Brief at 10-13. US Pack essentially argues that the Court should have *automatically* compelled arbitration in this case and that its failure to do so gives rise to substantial grounds for difference of opinion. Id. This argument is again divorced from both the actual analysis undertaken in this case as well as the applicable legal standard for seeking interlocutory review.

---

c.    It precludes Plaintiff from recovering equitable or punitive relief.

d.    It imposes severe restrictions on discovery such as limiting the parties to three depositions per party lasting two hours each.

e.    It includes an unenforceable class arbitration waiver. See, e.g., Muhammad v. County Bank of Rehoboth Beach, DE, 189 N.J. 1, 22 (2006).

It bears noting that were the Court to grant US Packs' Motion and were US Pack to succeed in its appeal – which, for the reasons stated throughout and in Plaintiff's forthcoming Motion to Dismiss, it should not – US Pack's success in this regard would only mean that this case will eventually go back to the District Court, as these numerous other defenses to arbitration were never ruled upon.

*Third,* US Pack asserts that because other courts across the country have enforced the Arbitration Provision at issue, so too should have this Court. See US Pack's Brief at 11. However, the cases that US Pack cites were decided under the FAA – *not* New Jersey law. Thus, given that US Pack seeks to certify for interlocutory appeal a question that assumes that the FAA is inapplicable, these cases have no bearing on the Court's application of New Jersey law and plainly do not establish substantial grounds for a difference of opinion in that regard.[9]

US Pack has failed to demonstrate that substantial grounds for a difference of opinion exist with regard to the Court's conclusions at issue here. US Pack's Motion should be denied for this reason alone.

### 3. An Interlocutory Appeal Will Not "Materially Advance The Ultimate Termination Of The Litigation"

Plaintiff filed his Complaint on October 19, 2015 – *nearly seven years ago*. The requested interlocutory appeal would only function to continue to delay resolution of this matter.

As explained throughout, particularly given that US Pack seeks to certify questions for interlocutory appeal that raise *no* grounds for difference of opinion, US Pack's appeal and certification request function only to further protract these proceedings. What is more, as explained below, given that US Pack has waived

---

[9]     And as a general matter, as set forth in Plaintiff's Sur-Reply in Opposition to US Pack's Motion to Compel Arbitration Under New Jersey Law, incorporated herein by reference, all of these cases are readily distinguishable from the instant matter. See Plaintiff's Sur-Reply in Opposition to US Pack's Motion to Compel Arbitration Under New Jersey Law, ECF No. 245, at 9-12. US Pack does not articulate how these cases raise substantial grounds for a difference of opinion, as required to support its request for interlocutory relief.

any argument that Plaintiff is not exempt from the FAA such that the FAA is inapplicable to this matter, the FAA does not provide a basis for the Court's jurisdiction over US Pack's appeal to the Third Circuit. Because the Third Circuit lacks jurisdiction over US Pack's appeal, the appeal lacks merit, and any certification of these issues would only function to further waste time and resources.[10]

For the reasons stated herein, US Pack's request for an interlocutory appeal should be rejected.[11]

## C.    US Pack's Request For A Stay Should Be Denied

US Pack's request for a stay should likewise be rejected. As stated, this matter has been pending for *nearly seven years*. US Pack has demonstrated a pattern of asking for inappropriate stays in this matter in a transparent effort to

---

[10]    Further, US Pack also argues that "the Court could commit reversible error by sending notice of a right to opt into a collective action to those who signed valid arbitration agreements," citing In re JP Morgan Chase & Co., 916 F.3d 494 (5th Cir. 2019). See US Pack's Brief at 16-17. This argument misses the mark. Setting aside that there are no substantial grounds for a dispute that the Arbitration Provision is unenforceable, even were the Court to consider this argument, this case is *not* a collective action arising under the Fair Labor Standards Act (and even if it was, Plaintiffs strenuously dispute US Pack's characterization of the law regarding notice); rather, this case concerns a proposed class action under Fed. R. Civ. P. 23.

[11]    Plaintiff does not dispute that the enforceability of the Arbitration Provision under New Jersey law is a controlling question of law in this matter; however, as stated, this factor alone is not dispositive of the interlocutory appeal inquiry – US Pack must demonstrate that *all* statutory requirements are met, see 28 U.S.C. § 1292(b), and US Pack fails to demonstrate its entitlement to relief.

incur delay – the instant motion is **the eighth** request for a stay that US Pack has

made in this case. <u>See</u> US Pack Stay Requests, ECF Nos. 48-1, 67-1, 69-1, 141,

190, 200, 206-1.[12] This matter has delayed long enough and there is no reason to

delay any further.

While US Pack argues for a stay in light of its attempted appeal pursuant to

Section 16(a) of the FAA, where, as here, an interlocutory appeal taken under

Section 16(a) is "frivolous or forfeited," a stay should not issue. <u>See, e.g.</u>, <u>Bucher</u>

<u>v. Am. Health & Life Ins. Co.</u>, No. CIV.A. 14-659, 2014 WL 5464857 (W.D. Pa.

Oct. 28, 2014) (finding Section 16(a) appeal to be frivolous and denying request

for stay); <u>Kirleis v. Dickie, McCamey & Chicolte, PC</u>, No. CIV.A. 06-1495, 2007

WL 3023950 (W.D. Pa. Oct. 12, 2007) (same). Notably, "[a] district court may be

called upon to determine the merits of an appeal, even before the appellate court

has adjudicated the merits" and "[i]n cases regarding arbitration, either the court of

appeals or the district court may declare that the appeal is frivolous." <u>Kirleis</u>, 2007

WL 3023950, at *2 (quotation marks, citations, and alterations omitted). The

inquiry "is objective, focusing on the merits of the appeal regardless of good or bad

faith" and "an appeal is frivolous if, upon review of the record and the law, it lacks

colorable support." <u>Id.</u> (quotation marks and citations omitted).

The Court should find that US Pack's purported Section 16 appeal is

frivolous and/or forfeited given that the Third Circuit lacks jurisdiction over US

---

[12]    The Court rejected each of US Pack's previous stay requests, with the exception of staying the case during the pendency of the Supreme Court's consideration of <u>New Prime, Inc. v. Oliveira</u>, 139 S. Ct. 532 (2019). <u>See</u> ECF No. 155.

Pack's appeal because US Pack waived its arguments regarding the FAA (which

would otherwise confer jurisdiction) and because US Pack's appeal is untimely.

Indeed, Plaintiff will shortly be submitting a motion to dismiss US Pack's appeal

in the Third Circuit for these reasons.

The Third Circuit lacks jurisdiction over US Pack's appeal. US Pack has

waived any argument that Plaintiff is not exempt from the FAA, and, as such, the

FAA is inapplicable to this matter and does not provide a source of jurisdiction for

US Pack's appeal. This Court's December 2020 Opinion explains US Pack's

waiver in this regard:

> Defendant first moved to compel arbitration in 2015. (Doc. 8.)
> Plaintiff opposed the motion, arguing that Defendant could not
> compel arbitration pursuant to the FAA because Plaintiff was exempt
> from the FAA under Section 1. (Doc. 9.) At that time, prior to the
> Supreme Court's decision in *New Prime Inc.*, it was unclear whether
> the Section 1 Exemption applied to contracts of employers and
> employees only, or whether it also applied to contracts between
> employers and independent contractors. Plaintiff argued that he was
> an employee, and therefore he fell under the Section 1 Exemption.
> Conversely, Defendant argued that Plaintiff was an independent
> contractor. Based on the parties' arguments, Judge Donio ordered
> limited discovery on the issue of whether Plaintiff was an employee or
> an independent contractor. (Doc. 42.) Defendant moved for
> reconsideration (Doc. 48), and later appealed (Doc. 67).
> After limited discovery occurred, Defendant requested that the Court
> stay proceedings pending the Supreme Court's decision in *New Prime
> Inc. v. Oliviera*. Defendant argued that the decision in *New Prime Inc.*
> would determine the "dispositive issue in this case." (Doc. 141.)
> Judge Donio granted the stay. Judge Donio held a telephone
> conference on February 27, 2019 to address the Supreme Court's
> ruling in *New Prime, Inc.* (*See* Doc. 169.) She noted that "the decision
> by the Supreme Court makes clear that transportation workers
> engaged in interstate commerce and including those classified as

independent contractors are exempt from Federal arbitration." (*Id.* at 5–6.) Both parties agreed that was correct. (*Id.*) Judge Donio also stated "the case by the Supreme Court makes clear that regardless of which classification, *the plaintiff is exempt from arbitration under the Federal Arbitration Act*." (*Id.*) (emphasis added.) Judge Donio asked the parties if they agreed. (*Id.*) *Both* parties agreed with that statement. (*Id.*) Therefore, Judge Donio requested supplemental briefing solely on the issue of whether the arbitration agreement was enforceable under state law since it was not enforceable under the FAA.

Nowhere in any of Defendant's prior briefing—including the original motion to compel arbitration, the motion for reconsideration, the appeal of Judge Donio's denial of the original motion to compel, or the post-*New Prime Inc.* briefing in support of the renewed motion to compel—has Defendant advanced the argument that Plaintiff did not fall into the Section 1 Exemption because he did not participate in interstate commerce. As a new argument, Defendant may not take this position for the first time on appeal. *See, e.g.*, *Harris v. Holmes*, No. 14-00460, 2017 WL 477692, at *2 (D.N.J. Feb. 6, 2017) ("Because none of this argument was presented to the Magistrate Judge, however, this Court cannot find that the Magistrate Judge's decision was clearly erroneous."). Moreover, Defendant agreed, on the record, that "plaintiff is exempt from arbitration under the Federal Arbitration Act." (*See* Doc. 169 at 6.) Accordingly, the Court finds that Defendant has waived its argument that Plaintiff is not engaged in interstate commerce.

December 2020 Opinion, at 11-13, ECF No. 227. Here, because US Pack has waived any arguments regarding the applicability of the FAA, the FAA cannot provide a basis for the Third Circuit's jurisdiction over US Pack's attempted appeal, rendering that appeal frivolous. Cf., e.g., Bucher, 2014 WL 5464857 (finding purported Section 16 appeal frivolous where there was no evidence that Plaintiff agreed to arbitrate dispute); Kirleis, 2007 WL 3023950 (finding purported Section 16 appeal frivolous where defendant failed to set forth *prima facie* case that agreement to arbitrate existed under Section 4 of the FAA).

25

In virtually identical circumstances, the Ninth Circuit held that the Section 16 of the FAA did not confer jurisdiction to hear an appeal in Kum Tat Limited v. Linden Ox Pasture, LLC, 845 F.3d 979, 982 (9th Cir. 2017). Like in this case, the defendant in Kum Tat waived any argument that the FAA governed the motion to compel arbitration and instead relied on California arbitration law, leading the Ninth Circuit to conclude that "the order denying the motion was not an order from which § 16(a)(1) permits an interlocutory appeal." Id. In reaching this conclusion, Kum Tat noted that the Third Circuit reached a similar conclusion when it held in Palcko v. Airborne Express, Inc., 372 F.3d 588, 594 (3d Cir. 2004) that "§16(a) does not permit appellate 'review of a non-FAA, state-law arbitration claim in an otherwise nonappealable interlocutory order." Kum Tat, 845 F.3d at 982 (citing Palcko, 372 F.3d at 594)).[13]

Further, even setting aside US Pack's waiver, the Court should nevertheless conclude that US Pack's appeal is frivolous because it is untimely. US Pack purports to appeal pursuant to Section 16(a) of the FAA, which provides, in relevant part:

> (a) An appeal may be taken from--
>
> > (1) an order--
> >
> > > . . .

---

[13]   Kum Tat also observed that the Seventh Circuit and Tenth Circuit held similarly in Sherwood v. Marquette Transp. Co., 587 F.3d 841, 843 (7th Cir. 2009) and KCOM, Inc. v. Emp'rs Mut. Cas. Co., 829 F.3d 1192, 1197-98 (10th Cir. 2016). See Kum Tat, 845 F.3d at 982.

> (B) denying a petition under section 4 of this title to order
>
> arbitration to proceed,
>
> . . .
>
> (3) a final decision with respect to an arbitration that is subject to this
>
> title.
>
> . . .

9 U.S.C. § 16. And Fed. R. App. P. 4 provides that a notice of appeal "must be
filed with the district clerk within 30 days after entry of the judgment or order
appealed from." Fed. R. App. P. 4(a)(1)(A). "This statutory time limit for taking an
appeal is mandatory and jurisdictional." In re Strader, No. 21-2929, 2022 WL
1164813, at *1 (3d Cir. Mar. 14, 2022) (quotation marks and citations omitted).

Here, this Court decided in December 2020 – *sixteen months* before US Pack
filed its notice of appeal – that US Pack had waived its arguments regarding the
FAA and that, additionally, Plaintiff was exempt from the FAA. See December
2020 Opinion, ECF No. 227. Now, *over one year later* and after US Pack
proceeded to seek to compel arbitration under the New Jersey Arbitration Act, US
Pack attempts to appeal this Court's December 2020 Opinion and Order, invoking
the FAA. These efforts come over one year after any ruling related to the FAA –
indisputably beyond the thirty-day deadline imposed by Fed. R. App. P. 4. As
such, US Pack's attempt here is plainly untimely. See, e.g., Grosvenor v. Qwest

Corp., 733 F.3d 990, 996 (10th Cir. 2013) (finding appeal of order denying motion to compel arbitration untimely when filed over one year after issuance of order).[14]

US Pack's efforts to further prolong this matter pending resolution of its non-meritorious appeal should be rejected.

## IV.    CONCLUSION

For the aforementioned reasons, the Court should deny US Pack's request for certification of the proposed issues for interlocutory appeal and to stay this matter.

---

[14]    While US Pack's briefing attempts to cast this Court's March 2022 Opinion as the subject of its appeal, that Opinion resolved US Pack's motion to compel arbitration *under the New Jersey Arbitration Act*. The plain language of Section 16 of the FAA confers jurisdiction over appeals from decisions concerning the FAA – *not* the New Jersey Arbitration Act.

Relatedly, Plaintiff anticipates that, though not raised in its opening briefing, US Pack will argue that it is pursuing the instant appeal pursuant to Section 16(a)(3) of the FAA, which provides for appeals from "a final decision with respect to an arbitration that is subject to this title," and that the March 2022 Opinion was such a "final decision." However, as stated, the March 2022 Opinion concerned the New Jersey Arbitration Act and, in any event, this argument fails for the same reasons described above: namely, US Pack has waived any argument that the arbitration is "*subject to this title*."

Dated: May 19, 2022                    Respectfully submitted,

                                       /s/ Krysten Connon
                                       Krysten Connon, NJ Bar No. 016732012
                                       Harold Lichten (*pro hac vice*)
                                       Sarah R. Schalman-Bergen (*pro hac vice*)
                                       Thomas Fowler (*pro hac vice*)
                                       Lichten & Liss-Riordan, P.C.
                                       729 Boylston Street, Suite 2000
                                       Boston, MA 02116
                                       Telephone: (617) 994-5800
                                       kconnon@llrlaw.com
                                       hlichten@llrlaw.com
                                       ssb@llrlaw.com
                                       tfowler@llrlaw.com

                                       Alexandra K. Piazza, NJ Bar No. 010922013
                                       BERGER MONTAGUE PC
                                       1818 Market Street, Suite 3600
                                       Philadelphia, PA 19103
                                       Telephone: (215) 875-3000
                                       apiazza@bm.net

                                       Edward A. Wallace (*pro hac vice*)
                                       Wexler Wallace LLP
                                       55 W. Monroe St. Ste. 3300
                                       Chicago, IL 60603
                                       Telephone: (312) 346-2222
                                       eaw@wexlerwallace.com

                                       *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served by electronic filing upon counsel for Defendant USPack Logistics LLC.

Dated: May 19, 2022                              /s/ Krysten Connon
                                                       Krysten Connon